IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michelle Denise Parker, ) | Civil Action No. 3:21-cv-3708-TMC |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Ward Douglas Ward; Michael Timothy ) | |
| McTigue; Stephen Kent Aiton; Troy ) | |
| Anthony Clay; Rodney D. Fogg; Milford ) | |
| Howard Beagle, Jr.; and Marcus Aaron ) | |
| Motley, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Plaintiff Michelle Denise Parker, proceeding *pro se*, brought this action against seven individual Defendants alleging various forms of discrimination in connection with her employment by the Department of the Army at Fort Jackson, South Carolina. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), (g) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 17), recommending that the court grant Defendants' motion to dismiss (ECF No. 11) without prejudice and grant Plaintiff leave to file an amended complaint. (ECF No. 17 at 7). Plaintiff filed objections to the Report, (ECF No. 20), to which Defendants replied (ECF No. 22). As indicated below, the court agrees with the recommendation of the magistrate judge.

## Background

    Plaintiff alleges she was employed by the Department of the Army as an administrative assistant in the Adjutant General School, Soldier Support Institute at Fort Jackson in Columbia,

South Carolina. (ECF No. 1 at 7). Plaintiff claims she suffered employment discrimination and was subjected to a hostile work environment on account of her race, sex, and disability. *Id*. at 7–9. Additionally, Plaintiff suggests she suffered retaliation by Defendants for engaging in protected activity. *Id*. Finally, Plaintiff alleges that she was constructively discharged when Defendants forced her to take disability retirement. *Id*. at 8.

Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") but apparently never received a right-to-sue letter. *Id*. at 10. Plaintiff attached to her pleading an EEOC letter advising her that if she were to bring a civil action, she "must name the appropriate Department head or Agency head as the defendant and provide his or her official title" and the failure to do so "may result in the dismissal of [her] case." (ECF No. 1-1 at 3–4, 9). Nonetheless, when Plaintiff later brought suit, she named as Defendants seven individuals who were supervisors or in senior positions for the Army. *Id*. at 3–8. Defendants subsequently filed the instant motion to dismiss, arguing that Plaintiff failed to properly assert her claims against the head of the Department in question—the Army—and, therefore, had failed to bring any claims against her "employer" under Title VII. (ECF No. 11 at 4).

**Report of the Magistrate Judge**

The magistrate judge correctly noted that, "[i]n construing the definition of 'employer' under Title VII, it is well-established that Title VII does not impose individual liability on supervisory employees." (ECF No. 17 at 5 (citing *Lissau v. S. Food Serv., Inc*., 159 F.3d 177, 180–81 (4th Cir. 1998))). Rather, the magistrate judge explained, "[i]n Title VII claims against the United States, a party may only file a civil action in which the head of the department, agency or unit, as appropriate, shall be the defendant." *Id*. (internal quotation marks omitted). Because Plaintiff failed to do so, the magistrate judge recommended that the court grant the motion to

dismiss without prejudice to allow Plaintiff fifteen days to file an amended complaint properly naming her employer. *Id*. at 7. The magistrate judge further recommended, however, that the court dismiss the action with prejudice if Plaintiff fails to file an amended complaint within the time allotted. *Id*.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012)

(noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing her filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

**Discussion**

Although Plaintiff filed objections to the Report, they are non-specific and entirely unrelated to the Report. *See* (ECF No. 20). Plaintiff merely repeats or restates her allegations and argues that her complaint should not be dismissed for a mere oversight. *Id*. at 4. Plaintiff's objections are, therefore, overruled and, because Plaintiff has failed to set forth any specific

4

objections to the Report, the court need only review the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

Having thoroughly reviewed the Report, the court finds no error, clear or otherwise, and agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 17), which are incorporated herein by reference. Accordingly, the court **GRANTS** Defendants' motion to dismiss. (ECF No. 11).

This dismissal, however, is **without prejudice**, and **Plaintiff is hereby granted leave to file an amended complaint within twenty (20) days of the date this order is entered. Plaintiff is advised that if she fails to file an amended complaint within this time period, the court will dismiss this action with prejudice and this case will be closed**. If Plaintiff timely files an amended complaint, the Clerk is directed to return the matter to the magistrate judge for pretrial proceedings to continue.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

February 2, 2023
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.